IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| BERNICE SUPPEY, ) | |
| ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

COMPLAINT OF THE UNITED STATES

The United States brings this action against Bernice Suppey ("Defendant") for treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729–3733, civil penalties under the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"), partially codified at 12 U.S.C. § 1833a, and restitution for payment by mistake under the common law resulting from three false and/or fraudulent claims submitted by Suppey to obtain three loans through the U.S. Small Business Administration's ("SBA's") Paycheck Protection Program ("PPP").

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345. This civil action arises under the laws of the United States and is brought by the United States as a plaintiff pursuant to the FCA, FIRREA, and the common law.

2. The Court may exercise personal jurisdiction over Suppey pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Suppey can be found in and/or has transacted business within the Eastern District of Virginia.

1

3. Venue is proper in the Eastern District of Virginia under 31 U.S.C. § 3732(a), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a) because Suppey is located and resides in the Eastern District of Virginia and the acts proscribed by 31 U.S.C. § 3729 and giving rise to the civil penalties under 12 U.S.C. § 1833a occurred in this district.

## PARTIES

4. Plaintiff is the United States.

5. Defendant Suppey resides at 18492 Kerill Road, Triangle, VA 22172.

## STATUTORY BACKGROUND

A. The Paycheck Protection Program

6. The SBA is a cabinet-level agency of the United States headquartered in Washington, D.C. The SBA's mission is to preserve free, competitive enterprise and to maintain and strengthen the overall economy of our nation by assisting in and facilitating the creation and growth of small businesses, a critical component of the country's economic strength and health.

7. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted on March 27, 2020, designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

8. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses and self-employed individuals for payroll, mortgage interest, rent/lease, utilities, and other business-related expenses through the PPP. CARES Act § 1102(b)(1), 134 Stat. at 293.

9. The PPP was implemented under section 7(a) of the Small Business Act, 15 U.S.C. § 636, and is administered by the SBA.  *See* Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20,811 (April 15, 2020).

10. During the period that PPP loans were available to the public, the PPP loan amount available to qualifying small businesses and self-employed individuals was determined by the number of employees employed by the business or self-employed person and the applicant's average monthly payroll costs.  15 U.S.C. § 636(a)(36)(E).

11. The maximum PPP loan that a self-employed person could obtain was $20,833.  *See* 15 U.S.C. § 636(a)(36)(A)(viii)(II)(aa); 15 U.S.C. § 636(a)(36)(E).

12. To obtain a PPP loan, qualifying businesses were required to submit an SBA Form 2483 or SBA Form 2483-C ("PPP Borrower Application Form") signed by an authorized representative of the business or the self-employed applicant.  The PPP Borrower Application Form required the business (through its authorized representative) or the self-employed individual to acknowledge the program rules and make certain affirmative certifications regarding their eligibility to obtain the PPP loan.

13. Sole proprietors could apply for a PPP loan using SBA Form 2483-C.  This PPP application calculated the PPP loan amount based on the sole proprietor's gross income for 2019 or 2020.

14. The SBA Form 2483-C provided that "an applicant may use this form only if the applicant files an IRS Form 1040, Schedule C," which is a federal tax document used to report a sole proprietor's income or loss to the U.S. Internal Revenue Service ("IRS").

15. The SBA Form 2483-C required the applicant to submit a copy of the sole proprietor's Schedule C from 2019 or 2020 to establish gross income for the purpose of calculating the PPP loan amount.

16. The SBA, which administered the PPP, authorized private lenders to receive and process PPP applications and supporting documents, and then make loans using their own funds, which the SBA fully guarantees. 15 U.S.C. § 636(a)(36)(B). The lender processed the loan application and transmitted data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees to the SBA.

17. Under the PPP, the SBA not only guaranteed the PPP loan, but also paid the private lenders a processing fee for each loan at the time the loan is made. During the relevant period at issue for the loans in this case, SBA paid processing fees of 50 percent or $2,500, whichever was less, for loans of not more than $50,000. 15 U.S.C. § 636(a)(36)(P)(i)(II)(aa).

B. The False Claims Act

18. The False Claims Act, 31 U.S.C. §§ 3729–3733, is the primary tool with which the United States combats fraud against the Government and protects the federal fisc. The Supreme Court has held that the False Claims Act's provisions must be construed broadly to reach "all types of fraud, without qualification, that might result in financial loss to the Government." *United States v. Neifert-White*, 390 U.S. 228, 232 (1968).

19. The False Claims Act provides, in pertinent part:

Liability for certain acts. –

    (1) In general. – Subject to paragraph (2), any person who –

        (A) knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval; or

        (B) knowingly makes, uses, or causes to be made or used, a false

>>record or statement material to a false or fraudulent claim;

\*\*\*

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

31 U.S.C. § 3729(a).

20. The FCA provides the following relevant definitions:

> For purposes of this section--
>
>> (1) the terms "knowing" and "knowingly" --
>>
>>> (A) mean that a person, with respect to information--
>>>
>>>> (i) has actual knowledge of the information;
>>>>
>>>> (ii) acts in deliberate ignorance of the truth or falsity of the information; or
>>>>
>>>> (iii) acts in reckless disregard of the truth or falsity of the information; and
>>>
>>> (B) require no proof of specific intent to defraud;
>>
>> (2) the term "claim"--
>>
>>> (A) means any request or demand, whether under a contract or otherwise, for money or property and whether or not the United States has title to the money or property, that--
>>>
>>>> (i) is presented to an officer, employee, or agent of the United States; or
>>>>
>>>> (ii) is made to a contractor, grantee, or other recipient, if the money or property is to be spent or used on the Government's behalf or to advance a Government program or interest, and if the United States Government--

>> (I) provides or has provided any portion of the money or property requested or demanded; or
>
>> (II) will reimburse such contractor, grantee, or other recipient for any portion of the money or property which is requested or demanded; and
>
> (B) does not include requests or demands for money or property that the Government has paid to an individual as compensation for Federal employment or as an income subsidy with no restrictions on that individual's use of the money or property;
>
> \*\*\*
>
> (4) the term "material" means having a natural tendency to influence, or be capable of influencing, the payment or receipt of money or property.

31 U.S.C. § 3729(b).

C.   The Financial Institutions Reform, Recovery, and Enforcement Act

21. Congress enacted FIRREA in 1989 to strengthen the civil sanctions and criminal penalties for defrauding or otherwise damaging depository institutions and their depositors, as well as certain government agencies and various other covered entities. Pub. L. 101-73, 103 Stat. 183 (1989).

22.  Section 951 of FIRREA, as amended, codified at 12 U.S.C. § 1833a, provides that the Attorney General may recover civil penalties of up to $1 million per violation against persons who commit specified violations as established by a preponderance of the evidence. *See* 28 C.F.R. § 85.5 (the maximum civil penalty was increased to $2,073,133 for assessments after December 13, 2021 for which violations occurred after November 2, 2015).  The statute further provides that the Attorney General alternatively may recover the amount of any gain to the person committing the violation, or the amount of the loss to a person other than the violator stemming from such conduct, up to the amount of the gain or the loss. *Id.*  The predicate violations identified in Section 951 that can form the basis for liability under FIRREA include,

6

among others, knowingly making a false statement for the purpose of influencing a decision by the Administrator of the SBA or to obtain a loan, money, or anything of value under the SBA's 7(a) program, including the PPP (15 U.S.C. § 645(a)). 12 U.S.C. § 1833a(c).

23. Section 1109(i) of the CARES Act provides that PPP loans are SBA loans for purposes of 15 U.S.C. § 645.

## FACTUAL ALLEGATIONS

PPP "Loan No. 7011498604"

24. On March 15, 2021, Suppey submitted an SBA Form 2483 PPP Borrower Application Form for Loan No. 7011498604 to ReadyCap Lending, LLC, seeking a PPP loan for $20,833.

25. Suppey listed the legal name of the applicant seeking the loan as "Bernice Suppey" and the d/b/a or tradename of the applicant as "Bernice Suppey."

26. Suppey used her Social Security Number, "XXXXX5673," to apply for the PPP loan.

27. Suppey listed the business address of the applicant as "18492 Kerill Triangle, VA 22172," her home address. Suppey listed the total amount of gross income from the IRS Schedule C Form 1040 for the applicant as "$209,135."

28. Suppey knowingly provided a false and fraudulent gross income amount in the PPP Borrower Application Form for Loan No. 7011498604.

29. Suppey did not have a gross income of $209,135, and she had no IRS tax record supporting the claimed gross income of $209,135.

30. Suppey created a fake Schedule C Form 1040 for 2019, which she submitted with her PPP Borrower Application Form for Loan No. 7011498604.

31. If Suppey had not falsely claimed that the applicant for Loan No. 7011498604 had a gross income (as supported by an IRS Schedule C Form 1040) of at least $100,000, Suppey's application for a $20,833 PPP loan would not have been approved.

32. Because of Suppey's false statements, her PPP Borrower Application Form for Loan No. 7011498604 was approved.

33. On March 25, 2021, Suppey signed a loan agreement for $20,833 with ReadyCap Lending, LLC for Loan No. 7011498604. In the loan agreement, Suppey falsely certified that "All certifications, authorizations, and representations made by Borrower and/or the authorized representative of Borrower in the Paycheck Protection Program Borrower Application Form (SBA Form 2483 or SBA Form 2483-SD) submitted to Lender remain true and accurate as of the date of this Note." Suppey knew this certification was false because she knowingly listed a false gross income amount on the SBA Form 2483 PPP Borrower Application Form for Loan No. 7011498604 and created a fraudulent Schedule C Form 1040 to corroborate the false income amount she listed in the SBA Form 2483.

34. Because Suppey's application contained this false certification, ReadyCap Lending, LLC processed Suppey's loan agreement, and Loan No. 7011498604 for $20,833 was approved and disbursed.

35. On April 28, 2021, the United States paid ReadyCap Lending, LLC a loan processing fee of $2,500 to reimburse the SBA Lender for the costs of processing Loan No. 7011498604.

PPP "Loan No. 3751678901"

36. On April 23, 2021, Suppey submitted an SBA Form 2483-C PPP Borrower Application Form for Loan No. 3751678901 to Benworth Capital Partners, LLC seeking a PPP loan for $19,583.

37. Suppey listed the legal name of the applicant seeking the loan as "Bernice Suppey" and the d/b/a or tradename of the applicant as "Aboo 24/h Roadside."

38. Suppey did not use her Social Security Number or TIN to apply for the PPP loan. Suppey instead listed the TIN/EIN of the applicant as "XXXXX6721."

39. Suppey listed the business address of the applicant as "18492 Kerill Triangle, VA 22172," her home address.  Suppey listed the total amount of gross income from the IRS Schedule C Form 1040 for the applicant as "$94,000."

40. Suppey knowingly provided a false Schedule C Form 1040 gross income amount in the Borrower Application Form for Loan No. 3751678901.

41. Aboo 24/h Roadside did not report any gross income to the IRS in 2019 or 2020.

42. Suppey submitted a blank Schedule C Form 1040 from 2020 to support her PPP Borrower Application Form for Loan No. 3751678901.  The Schedule C Form 1040 did not list any income for 2020 despite her assertion that the applicant had $94,000 of income reported on its IRS Schedule C Form 1040.

43. In the Borrower Application Form for Loan No. 3751678901, Suppey certified that: "The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

44. Suppey knew this certification was false.  Neither Aboo 24/h Roadside, nor any other entity with a TIN/EIN of XXXXX6721, was in operation as of February 15, 2020.  In fact, Aboo 24/h Roadside was first registered to transact business in Virginia on March 19, 2020.

45. If Suppey had not falsely certified that Aboo 24/h Roadside was in operation as of February 15, 2020, Suppey's application for Loan No. 3751678901 would not have been approved.

46. If Suppey had not falsely claimed that the applicant for Loan No. 3751678901 had a gross income (as supported by an IRS Schedule C Form 1040) of $94,000, Suppey's application for a $19,583 loan would not have been approved.

47. Because of Suppey's false statements, the PPP Borrower Application Form for Loan No. 3751678901 was approved.

48. On April 30, 2021, Suppey signed a loan agreement for $19,583 with Benworth Capital Partners, LLC for Loan No. 3751678901, and Loan No. 3751678901 for $19,583 was approved and disbursed.

49. On June 4, 2021, the United States paid Benworth Capital Partners, LLC a loan processing fee of $2,500 to reimburse the SBA Lender for the costs of processing Loan No. 3751678901.

PPP "Loan No. 3432488906"

50. On April 23, 2021, Suppey submitted an SBA Form 2483-C PPP Borrower Application Form for Loan No. 3432488906 to Harvest Small Business Finance, LLC seeking a PPP loan for $20,625.

51. Suppey listed the legal name of the applicant seeking the loan as "Bernice Suppey" and the d/b/a or tradename of the applicant as "Aboo Auditing Firm LLC."

52. Suppey did not use her Social Security Number or TIN to apply for the PPP loan. Suppey instead listed the TIN/EIN of the applicant as "XXXXX9260."

53. Suppey listed the business address of the applicant as "18492 Kerill Triangle, VA 22172," her home address. Suppey listed the total amount of gross income from the IRS Schedule C Form 1040 for the applicant as "$99,000."

54. Suppey knowingly provided a false gross income amount in the PPP Borrower Application Form for Loan No. 3432488906. Aboo Auditing Firm LLC did not report any gross income for taxes in 2019 or 2020.

55. Suppey submitted a blank Schedule C Form 1040 from 2020 to support her PPP Borrower Application Form for Loan No. 3432488906. The Schedule C Form 1040 did not list any income for 2020 despite her assertion that the applicant had $99,000 of income reported in the IRS Schedule C Form 1040.

56. In the PPP Borrower Application Form for Loan No. 3432488906, Suppey certified that: "The Applicant was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors, as reported on Form(s) 1099-MISC."

57. Suppey knew this certification was false. Neither Aboo Auditing Firm LLC, nor any other entity with a TIN/EIN of "XXXXX9260" was in operation as of February 15, 2020. In fact, Aboo Auditing Firm LLC was registered as a DBA name for Aboo 24/h Roadside on January 21, 2021, and did not exist prior to that date. Further, Aboo Auditing Firm LLC has no separate legal existence from Aboo 24/h Roadside, which itself was not registered to transact business in Virginia until March 19, 2020.

58. If Suppey had not falsely certified that Aboo Auditing Firm LLC was in operation as of February 15, 2020, Suppey's application for Loan No. 3432488906 would not have been approved.

59. If Suppey had not falsely claimed that the applicant for Loan No. 3432488906 had a gross income (as supported by an IRS Schedule C Form 1040) of $99,000, Suppey's application for a $20,625 loan would not have been approved.

60. Because of Suppey's false statements, the PPP Borrower Application Form for Loan No. 3432488906 was approved.

61. On April 29, 2021, Suppey signed a loan agreement for $20,625 with Harvest Small Business Finance, LLC for Loan No. 3432488906. Suppey certified in the loan agreement that "Borrower was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes and has not permanently closed." As further described above, Suppey knew this certification was false because Aboo Auditing Firm LLC was not in operation as of February 15, 2020 and had no employees for whom it paid salaries and payroll taxes as of February 15, 2020.

62. Because Suppey's application contained this false certification, Harvest Small Business Finance, LLC processed Suppey's loan agreement, and Loan No. 3432488906 for $20,625 was approved and disbursed.

63. On May 7, 2021, the United States paid Harvest Small Business Finance, LLC a loan processing fee of $2,500 to reimburse the SBA Lender for the costs of processing Loan No. 3432488906.

COUNT I

False or Fraudulent Claims to the SBA
31 U.S.C. § 3729(a)(1)(A)

12

64. The United States repeats and realleges paragraphs 1 through 63 above.

65. This is a claim for treble damages and penalties under the FCA, 31 U.S.C. §§ 3729–3733, as amended.

66. Defendant Suppey knowingly caused to be presented three false or fraudulent claims for payment or approval, in violation of the FCA, 31 U.S.C. § 3729(a)(1)(A).

67. Suppey knowingly submitted false claims in connection with obtaining three PPP loans.

68. As a result of Suppey's false claims for PPP loans, the SBA disbursed a total of $7,500 in processing fees to the SBA Lenders.

69. Because of Suppey's acts, the United States suffered damages of $7,500 in fees paid to SBA Lenders, and therefore is entitled to treble damages under the FCA, as well as a minimum civil penalty of $11,803 to a maximum penalty of $23,607 for each of the three false claims submitted to the SBA.

## COUNT II

### False Statements Material to False Claims
### 31 U.S.C. § 3729(a)(1)(B)

70. The United States repeats and realleges paragraphs 1 through 63 above.

71. This is a claim for treble damages and penalties under the FCA, 31 U.S.C. §§ 3729–3733, as amended.

72. Defendant Suppey knowingly caused to be made or used false records and statements material to a false or fraudulent claim in violation of the FCA, 31 U.S.C. § 3729(a)(1)(B).

73. On each of her PPP loan applications, Suppey falsely stated her Schedule C Form 1040 gross income.

74. In her PPP loan applications for Loan No. 3751678901 and Loan No. 3432488906, Suppey falsely stated that the companies were in operation as of February 15, 2020.

75. In her PPP loan agreement for Loan No. 7011498604, Suppey falsely stated that that all information in her loan application was "true and accurate."

76. In her PPP loan agreement for Loan No. 3432488906, Suppey falsely stated that the applicant "was in operation on February 15, 2020 and had employees for whom it paid salaries and payroll taxes and has not permanently closed."

77. In her PPP application for Loan No. 7011498604, Suppey made and used a false or fraudulent Schedule C Form 1040.

78. Each of these false records and statements was material to Suppey's false or fraudulent claims for PPP loans.

79. As a result of these false statements, all three PPP applications were approved and the SBA disbursed a total of $7,500 in processing fees to the SBA Lenders.

80. Because of Suppey's acts, the United States suffered damages of $7,500 in fees paid to SBA Lenders, and therefore is entitled to treble damages under the FCA, as well as a minimum civil penalty of $11,803 to a maximum penalty of $23,607 for each of the three false claims submitted to the SBA.

COUNT III

False Statements to the SBA
12 U.S.C. § 1833a (FIRREA)

81. The United States repeats and realleges paragraphs 1 through 63 above.

82. This is a claim for civil penalties under FIRREA, 12 U.S.C. § 1833a, as amended.

83. Defendant Suppey, for the purposes of fraudulently obtaining three federally guaranteed PPP loans, in violation of 12 U.S.C. § 1833a, unlawfully, willfully and knowingly

made false statements or certifications and submitted false records to SBA Lenders and caused false records to be submitted to the SBA in violation of 15 U.S.C. § 645(a).

84. These false statements and false records were made and submitted for the purpose of influencing the SBA to obtain PPP loan proceeds in violation of 15 U.S.C. § 645(a).

85. Because of Suppey's acts, she is liable for civil penalties up to the maximum amount authorized under 12 U.S.C. § 1833a(b).

## COUNT IV

### Payment by Mistake of Fact

86. The United States repeats and realleges paragraphs 1 through 63 above.

87. Defendant Suppey's misrepresentations in the SBA Forms 2483 and 2483-C PPP Borrower Application Forms for Loans No. 7011498604, 3751678901, and 3432488906 and in the loan agreements for Loans No. 7011498604 and 3432488906 caused the submission of private lenders' requests for payment to the SBA for processing fees attributable to three PPP loans that Suppey was not eligible to receive.

88. The United States paid a total of $7,500 in processing fees to the private lenders.

89. The United States is thus entitled to recover $7,500 that the Government wrongfully and erroneously paid.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff United States prays for judgment against Suppey as follows:

a. That the acts alleged herein be adjudged and decreed to be unlawful in violation of the False Claims Act;

b. That the Government recover treble damages pursuant to 31 U.S.C. § 3729(a), and that judgment be entered against Suppey and in favor of the Government;

  c. That Suppey be ordered to pay civil penalties pursuant to 31 U.S.C. § 3729(a) for the SBA Forms 2483 and 2483-C PPP Borrower Application Forms for Loan Nos. 7011498604, 3751678901, and 3432488906, containing either false statements or false records or both;

  d. That Suppey be ordered to pay civil penalties pursuant to 12 U.S.C. § 1833a equal to, at minimum, $61,041, the full amount of the three PPP loans Suppey fraudulently obtained;

  e. To the extent not required to pay damages of $7,500 pursuant to 31 U.S.C. § 3729(a), that Suppey be ordered to pay restitution of $7,500 for the processing fees the United States erroneously paid because of the false statements and false representations Suppey made in the SBA Forms 2483 and 2483-C PPP Borrower Application Forms for Loan Nos. 7011498604, 3751678901, and 3432488906 and in the loan agreements for Loan Nos. 7011498604 and 3432488906.

  f. Such other relief as the Court may deem just and proper, together with interest, costs, and the disbursements of this action.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the United States demands trial by jury as to all issues triable.

Dated:  March 16, 2022

                Respectfully submitted,

                JESSICA D. ABER
                United States Attorney

       By:  __/s/_____
           Krista Anderson
           William Hochul III
           Assistant U.S. Attorneys

*Counsel for the United States of America*
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: 703-220-9528
E-Mail: krista.anderson@usdoj.gov
william.hochul2@usdoj.gov